IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD JAMES THOMAS,

    Petitioner,

v.

BRIAN BELLEQUE, Superintendent,
Oregon State Penitentiary,

    Respondent.

Civil No. 03-1395-BR

OPINION AND ORDER

    **BARBARA L. CREEL**
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    **HARDY MYERS**
    Attorney General
    **YOULEE YIM YOU**
    Assistant Attorney General
    Department of Justice
    1162 Court Street N.E.
    Salem, OR  97301

        Attorneys for Respondent

**BROWN, Judge.**

Petitioner, a former inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus as **MOOT**.

## BACKGROUND

On October 15, 1987, Petitioner was convicted on charges of Burglary in the First Degree and Conspiracy to Commit Robbery in the First Degree for crimes he committed in 1985 and 1986. Petitioner was sentenced to two 20-year concurrent terms of imprisonment.

On October 3, 1993, Petitioner was released on parole. His parole was revoked on April 22, 1996, and Petitioner was released on parole again on August 28, 1998. At that time, the Oregon Board of Parole and Post-Prison Supervision (the "Board") set a tentative parole discharge date of August 28, 1999. Petitioner was not discharged from parole on that date.

On October 23, 1999, Petitioner was arrested on allegations of new criminal activity. Petitioner waived a probable cause hearing and accepted his hearings officer's recommendation of a 90-day jail sanction. The Board, however, overruled the officer's recommendation. Instead, on January 11, 2000, the Board revoked Petitioner's parole and ordered a future disposition hearing.

Petitioner did not seek administrative or judicial review of the January 11, 2000, order.

On July 11, 2000, the Board held a future disposition hearing. The Board denied re-release, citing three aggravating factors: (1) Petitioner's prior parole revocation, (2) repeated drug and alcohol use, and (3) new criminal behavior. The Board imposed a sentence of 63 months, and set a new parole release date of January 23, 2005.

Petitioner sought administrative review of the July 11, 2000, order, which was denied. Petitioner filed a petition for judicial review. The Oregon Court of Appeals issued a written opinion upholding the Board's order denying re-release. *Thomas v. Board of Parole and Post-Prison Supervision*, 186 Or. App. 170, 63 P.2d 29 (2003). The Oregon Supreme Court denied a petition for review. *Thomas v. Board of Parole and Post-Prison Supervision*, 335 Or. 510, 73 P.3d 292 (2003).

On October 10, 2003, Petitioner filed his federal Petition for Writ of Habeas Corpus in this court. Petitioner alleges two grounds for relief:

> **Ground One:** Petitioner was denied due process of law in violation of the Fourteenth Amendment to the United States Constitution.
> **Supporting Facts:** The Board's orders returning Petitioner to custody and deferring his release 63 months after losing jurisdiction over petitioner denies him due process of law. Detaining Petitioner and setting new release and discharge dates for him without

sufficient notice and hearing deprives him of due process of law. The Board's apparent interpretation of its rules deprives petitioner of due process of law.

**Ground Two:** The Board subjected Petitioner to the ex post facto application of laws which were not in effect at the time of his commitment offense in violation of Article I, Section 10, Clause 1 of the United States Constitution.
**Supporting Facts:** The Board failed to comply with laws in effect at the time of his commitment offense related to the right to discharge from parole supervision. The Board, instead, retroactively applied laws which were not in effect at the time of the commitment offense violating the ex post facto clauses of Article I, Section 9, and Article I, Section 10, Clause 1, of the United States Constitution.

On January 23, 2005, while this action was pending, Petitioner was released on parole. Respondent contends that (1) Petitioner's parole release rendered his claims in this action moot; (2) Petitioner procedurally defaulted all claims pertaining to the January 2000 revocation order and one of his *ex post facto* claims pertaining to the July 2000 denial of re-release; and (3) Petitioner is not entitled to relief on his remaining claims because the state court decisions are entitled deference.

### DISCUSSION

The case or controversy provision of Article III, § 2 of the Constitution "subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank*

4 - OPINION AND ORDER -

*Corp.*, 494 U.S. 472, 477-478 (1955)). This means that, throughout the litigation, petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis*, 494 U.S. at 477). Whether a case does not meet the case-or-controversy requirements of Article III, and is thus moot, is a question of federal law upon which the federal court "must pronounce final judgment." *Liner v. Jafco*, 375 U.S. 301, 304 (1964) (citing *Love v. Griffith*, 266 U.S. 32 (1924)).

Assuming the "in custody" requirements of 28 U.S.C. § 2254 were met at the time of filing of a petition for writ of habeas corpus, a parolee's challenge to the legality of the underlying conviction always satisfies the case or controversy requirement. *Id.* This is so because "collateral consequences" of the conviction result in "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed upon him." *Carafas v. LaValle*, 391 U.S. 234, 237 (1968) (quoting *Fiswick v. United States*, 329 U.S. 211, 222 (1946)). Thus, the fact that a habeas petitioner's sentence expires during the pendency of his habeas case attacking the validity of his conviction does not render the petition moot.

The presumption of collateral consequences does not, however, necessarily extend to other contexts. A petitioner who seeks to

challenge the revocation of his parole must demonstrate that continuing collateral consequences exist if the term imposed for violating parole has been served. *Spencer*, 523 U.S. at 14-18; *see also Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987) (claim moot because petitioner cannot be released from term imposed for violating parole that he has already served). Likewise, a petition challenging a Board decision to delay release on parole is rendered moot by the petitioner's subsequent release. *Burnett v. Lampert*, --- F.3d ---, 2005 WL 3527123, *4 (9th Cir., Dec. 27, 2005).

Here, Petitioner presents no evidence of continuing collateral consequences resulting from either the revocation of his parole or the denial of re-release, in light of the fact that he has, in fact, been paroled. As such, this case does not meet the case or controversy requirement of Article III, and the actual injury for which Petitioner seeks relief cannot be redressed by a favorable decision of this Court issuing a writ of habeas corpus.

## CONCLUSION

For these reasons, the Court **DENIES AS MOOT** the Petition for Writ of Habeas Corpus, and **DISMISSES** this action.

IT IS SO ORDERED.

DATED this  20th   day of January, 2006.

                    /s/ Anna J. Brown    

6 - OPINION AND ORDER -

ANNA J. BROWN
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**

                       **FOR THE DISTRICT OF OREGON**

**RICHARD JAMES THOMAS,**

        **Petitioner,**

    **v.**

**BRIAN BELLEQUE, Superintendent,**
**Oregon State Penitentiary,**

        **Respondent.**

    Civil No. 03-1395-BR

    OPINION AND ORDER

    **BARBARA L. CREEL**
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    **HARDY MYERS**
    Attorney General
    **YOULEE YIM YOU**
    Assistant Attorney General
    Department of Justice
    1162 Court Street N.E.
    Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, a former inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus as **MOOT**.

### BACKGROUND

On October 15, 1987, Petitioner was convicted on charges of Burglary in the First Degree and Conspiracy to Commit Robbery in the First Degree for crimes he committed in 1985 and 1986. Petitioner was sentenced to two 20-year concurrent terms of imprisonment.

On October 3, 1993, Petitioner was released on parole. His parole was revoked on April 22, 1996, and Petitioner was released on parole again on August 28, 1998. At that time, the Oregon Board of Parole and Post-Prison Supervision (the "Board") set a tentative parole discharge date of August 28, 1999. Petitioner was not discharged from parole on that date.

On October 23, 1999, Petitioner was arrested on allegations of new criminal activity. Petitioner waived a probable cause hearing and accepted his hearings officer's recommendation of a 90-day jail sanction. The Board, however, overruled the officer's recommendation. Instead, on January 11, 2000, the Board revoked Petitioner's parole and ordered a future disposition hearing.

2 - OPINION AND ORDER -

Petitioner did not seek administrative or judicial review of the January 11, 2000, order.

On July 11, 2000, the Board held a future disposition hearing. The Board denied re-release, citing three aggravating factors: (1) Petitioner's prior parole revocation, (2) repeated drug and alcohol use, and (3) new criminal behavior. The Board imposed a sentence of 63 months, and set a new parole release date of January 23, 2005.

Petitioner sought administrative review of the July 11, 2000, order, which was denied. Petitioner filed a petition for judicial review. The Oregon Court of Appeals issued a written opinion upholding the Board's order denying re-release. *Thomas v. Board of Parole and Post-Prison Supervision*, 186 Or. App. 170, 63 P.2d 29 (2003). The Oregon Supreme Court denied a petition for review. *Thomas v. Board of Parole and Post-Prison Supervision*, 335 Or. 510, 73 P.3d 292 (2003).

On October 10, 2003, Petitioner filed his federal Petition for Writ of Habeas Corpus in this court. Petitioner alleges two grounds for relief:

> **Ground One:** Petitioner was denied due process of law in violation of the Fourteenth Amendment to the United States Constitution.
> **Supporting Facts:** The Board's orders returning Petitioner to custody and deferring his release 63 months after losing jurisdiction over petitioner denies him due process of law. Detaining Petitioner and setting new release and discharge dates for him without

sufficient notice and hearing deprives him of due process of law. The Board's apparent interpretation of its rules deprives petitioner of due process of law.

**Ground Two:** The Board subjected Petitioner to the ex post facto application of laws which were not in effect at the time of his commitment offense in violation of Article I, Section 10, Clause 1 of the United States Constitution.

**Supporting Facts:** The Board failed to comply with laws in effect at the time of his commitment offense related to the right to discharge from parole supervision. The Board, instead, retroactively applied laws which were not in effect at the time of the commitment offense violating the ex post facto clauses of Article I, Section 9, and Article I, Section 10, Clause 1, of the United States Constitution.

On January 23, 2005, while this action was pending, Petitioner was released on parole. Respondent contends that (1) Petitioner's parole release rendered his claims in this action moot; (2) Petitioner procedurally defaulted all claims pertaining to the January 2000 revocation order and one of his *ex post facto* claims pertaining to the July 2000 denial of re-release; and (3) Petitioner is not entitled to relief on his remaining claims because the state court decisions are entitled deference.

## DISCUSSION

The case or controversy provision of Article III, § 2 of the Constitution "subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank*

4 - OPINION AND ORDER -

*Corp.*, 494 U.S. 472, 477-478 (1955)). This means that, throughout the litigation, petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis*, 494 U.S. at 477). Whether a case does not meet the case-or-controversy requirements of Article III, and is thus moot, is a question of federal law upon which the federal court "must pronounce final judgment." *Liner v. Jafco*, 375 U.S. 301, 304 (1964) (citing *Love v. Griffith*, 266 U.S. 32 (1924)).

Assuming the "in custody" requirements of 28 U.S.C. § 2254 were met at the time of filing of a petition for writ of habeas corpus, a parolee's challenge to the legality of the underlying conviction always satisfies the case or controversy requirement. *Id.* This is so because "collateral consequences" of the conviction result in "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed upon him." *Carafas v. LaValle*, 391 U.S. 234, 237 (1968) (quoting *Fiswick v. United States*, 329 U.S. 211, 222 (1946)). Thus, the fact that a habeas petitioner's sentence expires during the pendency of his habeas case attacking the validity of his conviction does not render the petition moot.

The presumption of collateral consequences does not, however, necessarily extend to other contexts. A petitioner who seeks to

5 - OPINION AND ORDER -

challenge the revocation of his parole must demonstrate that continuing collateral consequences exist if the term imposed for violating parole has been served. *Spencer*, 523 U.S. at 14-18; *see also Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987) (claim moot because petitioner cannot be released from term imposed for violating parole that he has already served). Likewise, a petition challenging a Board decision to delay release on parole is rendered moot by the petitioner's subsequent release. *Burnett v. Lampert*, --- F.3d ---, 2005 WL 3527123, *4 (9th Cir., Dec. 27, 2005).

Here, Petitioner presents no evidence of continuing collateral consequences resulting from either the revocation of his parole or the denial of re-release, in light of the fact that he has, in fact, been paroled. As such, this case does not meet the case or controversy requirement of Article III, and the actual injury for which Petitioner seeks relief cannot be redressed by a favorable decision of this Court issuing a writ of habeas corpus.

## CONCLUSION

For these reasons, the Court **DENIES AS MOOT** the Petition for Writ of Habeas Corpus, and **DISMISSES** this action.

IT IS SO ORDERED.

DATED this __20th__ day of January, 2006.

　　　　　　　　　　　　　　　　　__/s/ Anna J. Brown__

6 - OPINION AND ORDER -

ANNA J. BROWN  
United States District Judge