IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD JAMES THOMAS,                                CV. 03-1395-BR

        Petitioner,                              OPINION AND ORDER

  v.

BRIAN BELLEQUE, Superintendent,
Oregon State Penitentiary

        Respondent.


    ANTHONY D. BORNSTEIN
    Office of the Federal Public Defender
    101 SW main Street, Suite 1700
    Portland, OR  97204

        Attorney for Petitioner


    HARDY MYERS
    Attorney General
    JONATHAN W. DIEHL
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301

        Attorneys for Respondent


1 - OPINION AND ORDER

BROWN, District Judge

This 28 U.S.C. § 2254 action is before the court on remand from the Ninth Circuit Court of Appeals pursuant to the parties' Stipulated Motion for Remand. Petitioner challenges the Oregon Board of Parole's jurisdiction over his person. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is DENIED.

## BACKGROUND

On October 15, 1987, Petitioner was convicted on charges of Burglary in the First Degree and Conspiracy to Commit Robbery in the First Degree for crimes he committed in 1985 and 1986. Petitioner was sentenced to two 20-year concurrent terms of imprisonment.

On October 3, 1993, Petitioner was released on parole. His parole was revoked on April 22, 1996, and Petitioner was released on parole again on August 28, 1998. At that time, the Oregon Board of Parole and Post-Prison Supervision (the "Board") set a tentative parole discharge date of August 28, 1999. Petitioner was not discharged from parole on that date.

On October 23, 1999, Petitioner was arrested on allegations of new criminal activity. Although Petitioner waived a probable cause hearing and accepted his hearings officer's recommendation of a 90-day jail sanction, the Board revoked Petitioner's parole on January 10, 2000, (Respt.'s Ex. 103, 66), and ordered a future disposition hearing on January 11, 2000. (Respt.'s Ex 103, 67.) Petitioner

2 - OPINION AND ORDER

did not seek administrative or judicial review of the January 2000, revocation order.

On July 11, 2000, the Board held a future disposition hearing. The Board denied re-release, citing three aggravating factors: (1) Petitioner's prior parole revocation, (2) Petitioner's repeated drug and alcohol use, and (3) Petitioner's new criminal behavior. The Board imposed a sentence of 63 months, and set a new parole release date of January 23, 2005.

Petitioner sought administrative review of the July 11, 2000, order, which was denied. Petitioner filed a petition for judicial review challenging, *inter alia*, the Board's jurisdiction to impose the 63-month sentence and set a new release date. The Oregon Court of Appeals issued a written opinion upholding the Board's order denying re-release. *Thomas v. Board of Parole and Post-Prison Supervision*, 186 Or. App. 170, 63 P.2d 29 (2003). The Oregon Supreme Court denied a petition for review. *Thomas v. Board of Parole and Post-Prison Supervision*, 335 Or. 510, 73 P3d 292 (2003).

On October 10, 2003, Petitioner filed his federal Petition for Writ of Habeas Corpus in this court, alleging two grounds for relief. Petitioner was released on parole on January 23, 2005, while his petition was pending. This court denied the petition as moot on January 20, 2006, and Petitioner appealed.

On March 21, 2007, the Ninth Circuit Court of Appeals granted the parties' Stipulated Motion for Remand based on the parties'

3 - OPINION AND ORDER

agreement that the case is not moot. (Docket #62 and #63.) The following grounds for relief are now before the court:

> **Ground One:** Petitioner was denied due process of law in violation of the Fourteenth Amendment to the United States Constitution.
> **Supporting Facts:** The Board's orders returning Petitioner to custody and deferring his release 63 months after losing jurisdiction over petitioner denied him due process of law. Detaining Petitioner and setting new release and discharge dates for him without sufficient notice and hearing deprives him of due process of law. The Board's apparent interpretation of its rules deprives petitioner of due process of law.
>
> **Ground Two:** The Board subjected Petitioner to the ex post facto application of laws which were not in effect at the time of his commitment offense in violation of Article I, Section 10, Clause 1 of the United States Constitution.
> **Supporting Facts:** The Board failed to comply with laws in effect at the time of his commitment offense related to the right to discharge from parole supervision. The Board, instead, retroactively applied laws which were not in effect at the time of the commitment offense violating the ex post facto clauses of Article I, Section 9, and Article I, Section 10, Clause 1, of the United States Constitution.

Petitioner's memorandum clearly states that these claims do not apply to the Board's January 2000 revocation order, but rather to the Board's action at the July 2000 future disposition hearing, setting a new release date. (Petr.'s Memorandum, docket #48, 8.)

Respondent contends (1) Petitioner procedurally defaulted his *ex post facto* claims pertaining to the July 2000 denial of re-release; and (2) Petitioner is not entitled to relief on his remaining claims because the state court decisions are entitled to deference.

**DISCUSSION**

**I.   Procedurally Defaulted Claims**

Generally, before a federal court may consider a petition for habeas relief pursuant to 28 U.S.C. § 2254, a state prisoner must have exhausted all available state court remedies through a direct appeal or through collateral proceedings.  *See* 28 U.S.C. § 2254 (b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (state courts must have an opportunity to act on claims before they are presented in a habeas petition).  Petitioner contends his *ex post facto* claim was raised to the Oregon courts in his appeal of the Board's action.  Based on the record, the Court disagrees.

In Oregon, judicial review of administrative agency proceedings, including Board of Parole proceedings, are subject to the Oregon Rules of Appellate Procedure. Or. R. App. Proc. 4.05. Under the rules, an appellant's brief must set forth the questions presented on appeal and a concise summary of the arguments appearing in the body of the brief. Or. R. App. Proc. 5.40 (6) and (7).  In addition, Rule 5.45 specifies:

> (1) A question or issue to be decided on appeal shall be raised in the form of an assignment of error, as prescribed in this rule.  Assignments of error are required in all opening briefs of appellants and cross-appellants.  No matter claimed as error will be considered on appeal unless the claimed error . . . is assigned as error in the opening brief in accordance with this rule . . .
>
> (2) Each assignment of error shall be separately stated under a numbered heading. . . .

5 - OPINION AND ORDER

In his brief to the Oregon Court of Appeals, under the heading "Assignment of Error No. 1," Petitioner stated: "[t]he Board lacked jurisdiction to take any action over petitioner other than to discharge him in Case No. 86-09-34685." (Respt.'s Ex. 104, 6.) Under the heading "Assignment of Error No. 2," Petitioner alleged: "[t]he Board erred in imposing payment of restitution from a discharged case as a condition of parole in Case No. 860934685." (Respt.'s Ex. 104, 18.) Neither of Petitioner's assignments of error alleged that Board action was in violation of the *Ex Post Facto* Clause, U.S. Const. Article I, §10. Nor did Petitioner specify an *ex post facto* violation in the body of his appellate brief.

In his appellate brief, Petitioner argued that statutes and rules in effect at the time of petitioner's crime governed his term of parole and the Board jurisdiction over him, stating that for the Board to apply later enacted statutes and rules "would violate the ex post facto clauses of the state and federal constitutions." (Respt.'s Ex. 104, 9.) Petitioner then discussed the statutes and rules in effect at the time of Petitioner's crime and argued they denied the Board jurisdiction over Petitioner after October 7, 1999, at the latest. (Id. 9-18.) Petitioner also argued that the Board's failure to follow its own rules could not be a basis to deny Petitioner's discharge from parole. (Respt.'s Ex. 104, 16.) The Court notes, however, Petitioner did not show that the Board had relied on statutes and rules enacted after Petitioner committed

6 - OPINION AND ORDER

his crime, but he argued instead that under applicable rules the Board did not have jurisdiction. As noted, Petitioner explicitly raised this argument as Assignment of Error No. 1. Because Petitioner did not raise *ex post facto* application of law as error to the Oregon courts, and the time for doing so has passed, *see* Or. R. App. Proc. 2.05; Or. Rev. Stat. 19.255, Ground Two is procedurally defaulted and habeas relief precluded.

## II.  The Merits

### A.  Standards

A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  In construing this provision, the Supreme Court stated: "it seems clear that Congress intended federal judges to attend with the utmost care to state court decisions, including all of the reasons supporting their decisions, before concluding that those proceedings were infected by constitutional error sufficiently serious to warrant the issuance of the writ." *Williams v. Taylor*, 529 U.S. 362, 386 (2000). The last reasoned decision by the state court is the basis for review

7 - OPINION AND ORDER

by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002).

A state court decision is "contrary to" clearly established federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams,* 529 U.S. at 388. An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005)(citing *Williams,* 529 U.S. at 413). "'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974.

When a state court does not supply the reasoning for its decision, a federal court does an independent review of the record to determine whether the state court decision was objectively unreasonable. *Delgado v. Lewis*, 223 F.3d 982 (9th Cir. 2000). The review does not, however, change the rule of decision. *Greene v. Lambert*, 288 F.3d 1081, 1089 (9th Cir. 2001). The federal court's review focuses on whether the state court's resolution of the case was an unreasonable application of clearly established federal law. *Id.* If the federal court does not find that the state court decision was objectively unreasonable, deference is given to the

8 - OPINION AND ORDER

state court decision and habeas relief is denied. *Delgado*, 223 F.3d at 981-82; *see also Williams*, 529 U.S. at 386-89.

**B.   Ground for Relief One**

In Ground One, Petitioner alleges the Board's actions in July 2000, deferring his release 63 months and setting new release and discharge dates, denied him due process of law because the Board did not have jurisdiction over him at the time it acted. He also alleges he did not receive sufficient notice and hearing. Although Petitioner stresses his claim is limited to challenging the Board's action in July 2000, his argument nonetheless incorporates challenges to the Board's actions in January 2000. (Petr.'s Mem., docket #48, 11, 14-15.) Because Petitioner did not appeal the Board's January 2000 action, any alleged due process violations related to this action are procedurally barred and cannot be used to bolster Petitioner's claim. Thus, the only question for this court is whether Petitioner's due process rights were infringed by the Board's action in July 2000.

As a threshold matter, this court must review the issue of the Board's jurisdiction over Petitioner. In *Haskins v. Palmateer*, 186 Or. App. 159, 63 P.3d 31 (2003), the Oregon Court of Appeals interpreted *former* ORS 144.310 (1981) as giving the Board jurisdiction over a parolee until the Board takes affirmative action discharging the parolee by issuing a certificate of discharge. *Haskins*, 186 Or. App. at 165-166. The court rejected the petitioner's argument that discharge was required and Board

9 - OPINION AND ORDER

jurisdiction over a parolee automatically terminated with arrival and passage of a tentative discharge date in the absence of Board action, holding that the petitioner was not entitled to release from parole as a matter of law.  *Id*. at 168.

In his appeal of the Board's July 2000 actions, Petitioner argued "that because the board failed to extend his discharge date, he was entitled to discharge in 1999, after one year of parole." *Thomas*, 186 Or. App. at 172-73.  The Oregon Court of Appeals found Petitioner failed to raise the argument when the Board revoked parole in January 2000, and, thus, his argument was barred.  *Id*. With Petitioner's claim that he was entitled to discharge procedurally barred, the Oregon court addressed only the issue of the Board's continuing jurisdiction.  As in *Haskin*s, the Oregon Court of Appeals concluded "that neither *former* ORS 144.310 (1981) nor the board's rules in effect at the time of petitioner's crimes deprived the board of jurisdiction over petitioner due to its alleged failure to follow its own rules." *Thomas*, 186 Or. App. at 173 (emphasis in original).  Nor did the rules provide for discharge by Board inaction and, therefore, "Petitioner was not entitled to discharge in August 1999." *Thomas*, 186 Or. App. at 173.

State courts are the final arbiters of state law, and a state court's interpretation of state law is binding on a federal court. *See Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002).  This court must defer to the

10 - OPINION AND ORDER

Oregon Court of Appeals holding that the applicable Board rules and the Board's failure to follow its rules did not deprived the Board of jurisdiction over Petitioner and that Petitioner was not entitled to discharge due to Board inaction.

Since under Oregon law Petitioner was not entitled to discharge by Board inaction, and the Board retained jurisdiction over Petitioner, the Board's action in July 2000, deferring his release and setting a new discharge date, did not deprive Petitioner of due process of law if he was afforded the due process protections outlined in *Morrisey v. Brewer*, 408 U.S. 471 (1972).

Under *Morrisey*, the minimum requirements of due process include: "(a) written notice of the claimed violation of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (3) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." 408 U.S. at 489. The transcript of Petitioner's Future Disposition hearing shows Petitioner received these protections as to the Board's July 2000 action. (*See* Respt.'s Ex. 103, 94-115.) Accordingly, the state court decision upholding the Board's action in July 2000 was neither

11 - OPINION AND ORDER

contrary to or an unreasonable application of established federal law.

### **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus (#1) is DENIED, and this action is DISMISSED.

IT IS SO ORDERED.

DATED this __25th___ day of June, 2008.


                                        /s/ Anna J. Brown
                                        ANNA J. BROWN
                                        United States District Judge